GEORGE BIGGS AND HARRY GAVITT, PROSECUTORS, v. EUGENE T. SHARKEY, RECORDER OF THE CITY OF BAYONNE, AND WILLIAM COUGHLIN, RESPONDENTS.

Submitted May 15, 1925—Decided November 19, 1925.

**Municipalities — Ordinances — Violations —Convictions—Conviction Defective in Several Respects—Offense Not Set Out— What Ordinance Violated Not Shown—Proceedings Set Aside.**

On *certiorari,* &c.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutors, *Alfred Brenner.*

For the respondents, *Andrew J. Markey* and *James Benny.*

PER CURIAM.

The complaint averred that on the 20th day of March, 1925, at the city of Bayonne, the defendants below, and

prosecutors of this writ, "did willfully violate section 5 of an ordinance entitled 'An ordinance regulating the installation, use and maintenance of the municipal water supply,' in that the said Harry Gavitt and George Biggs did install gas water heaters in a house at 83 West Third street, not being registered as licensed plumbers."

Section 5 of that ordinance provides: "No person shall attach, alter or extend any water pipe or make any alteration in any tap-cock or other fixtures, nor do any work calculated to increase the facilities for using the water, nor turn on or off the stop-cock or other fixtures, nor do any work calculated to increase the facilities for using the water, nor turn on or off the stop-cock on the main, or at the curb, unless registered as a licensed plumber by the water department, under penalty of ten ($10) dollars for each offense."

At the conclusion of the trial before the recorder's court of the city of Bayonne the defendants below, and the prosecutors of this writ, were "found guilty and fined $10 each."

The first point made by the prosecutors is that there was no proof of the violation of the ordinance in the premises 83 West Third street as charged in the complaint, the testimony showing that, if there was a violation, it occurred at the premises 89 West Third street.

It, therefore, becomes important in our view to examine the conviction for the purpose of finding out of what offense the defendants were convicted.

Turning to the conviction itself, we find it to be defective in severaal respects; among others it utterly fails to disclose of what offense the defendants were convicted. The charge or complaint is not adequately set forth therein. The only reference thereto is this: "Charge—Violation of section 5 of a city ordinance." As to what city ordinance has been violated we are left entirely in the dark so far as anything in the conviction is concerned. With respect to the finding and action of the court there appears this only: "Found guilty and fined $10 each."

In this posture of affairs the proceedings, conviction and sentence must be set aside, and it is so ordered.